UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSCOE CHAMBERS,  :  CIVIL NO: 1:19-CV-01054
:
      Plaintiff,  :
:  (Chief Magistrate Judge Schwab)
  v.  :
:
:
B. FUNK,  :
:
      Defendant.  :
:

## **MEMORANDUM OPINION**

**I. Introduction and Background.**

By an Order dated June 26, 2020, we granted the defendant's motion to revoke Chambers *in forma pauperis* status because Chambers has three strikes under 28 U.S.C. § 1915(g) and he was not under imminent danger of serious physical injury at the time the complaint was filed. By that same order, we ordered Chambers to pay the filing fee for this action within 28 days. We warned Chambers that were he to fail to timely pay the filing fee, we would dismiss this action. After more than 28 days passed and Chambers had not paid the filing fee, on August 27, 2020, we dismissed this action.

On September 18, 2020, Chambers filed a motion contending that we improperly dismissed his case and asking that the court reinstate his *in forma*

*pauperis* status.  The defendant filed a brief in opposition on September 23, 2020.  Chambers has not filed a reply brief.

## II. Discussion.

Chambers contends that he did not agree to have the undersigned preside over his case, and he frames his motion as one under Fed. R. Civ. P. 72(a), which deals with objections to a magistrate judge's order on a nondispostive matter.  But Chambers (and the defendant) consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *See doc. 32*.  Thus, contrary to Chambers's contention, we did have authority to dismiss the case. *See* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."); 28 U.S.C. § 636(c)(3) ("The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.").  And rather than objections to the former district judge, an appeal to the United States Court of Appeals for the Third Circuit is the proper avenue for any appeal. *See* 28 U.S.C. § 636(c)(3) ("Upon

entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court.")

Having determined that we had jurisdiction to dismiss the case, we will liberally construe Chambers's motion as a motion for reconsideration under Fed. R. Civ. P. 59(e). But we conclude that there is no basis to grant the motion.

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "A motion for reconsideration is a device of limited utility, which may not be used 'to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Benezet Consulting, LLC v. Boockvar*, No. 1:16-CV-00074, 2020 WL 5095887, at *4 (M.D. Pa. Aug. 28, 2020) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Rather, a motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should only be granted sparingly." *Burdyn v. Old Forge Borough*, 330 F.R.D. 399, 405 (M.D. Pa. 2019).

Chambers contends that the undersigned erred in revoking his *in forma pauperis* status after granting his application for leave to proceed *in forma pauperis*. But it is not unusual for a court revoke a prisoner's *in forma pauperis* status after a defendant moves the court to do so under 28 U.S.C. § 1915(g) and after the court has had the benefit of briefing on whether § 1915(g) precludes the plaintiff from proceeding *in forma pauperis*. Moreover, Chambers does not dispute that he has three strikes,[1] and while he suggests that he was under imminent danger of serious physical injury at the time the complaint was filed, we concluded otherwise, and Chambers has not presented a basis for reconsideration of that conclusion. Accordingly, we will deny his motion for reconsideration.

---

[1] Chambers correctly asserts that in his first motion for leave to proceed *in forma pauperis*, he disclosed that he had three strikes. *See doc.* 2. But noting that Chambers had not used the proper form, the Clerk of Court issued an order directing that to proceed with this action, Chambers must either pay the $400.00 filing fee or file a proper and fully completed application to proceed *in forma pauperis* within 30 days. *Doc.* 6. Chambers subsequently filed another motion to proceed *in forma pauperis*. *Doc.* 13. In that motion, although Chambers referred to his original motion and referenced 28 U.S.C. § 1915(g) in passing, he did not explicitly state that he had three strikes. *See id*. Further, even though the court could have denied his motion to proceed *in forma pauperis* in the first instance, Chambers was not prejudiced by the court granting his motion to proceed *in forma pauperis* and revoking his *in forma pauperis* status only after the defendant raised the contention that Chambers cannot proceed *in forma pauperis* under § 1915(g) and the parties had the opportunity to brief whether Chambers has three strikes (and which of Chambers's prior cases count as strikes) and whether Chambers was under imminent danger of serious physical injury at the time he filed the complaint.

### III.  Conclusion.

Based on the foregoing, we will deny Chambers's motion (*doc. 36*) for reconsideration.  An appropriate order will be issued.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge